## GUDMUNDSON v. CARDILLO.

### No. 7352.

District Court of the United States for the District of Columbia.

Nov. 5, 1940.

Joseph A. Padway and Robert A. Wilson, both of Washington, D. C., for plaintiff.

Ward E. Boote, of Washington, D. C., for defendant.

LAWS, Justice.

I have considered the motions to dismiss the complaint filed in this cause. It appears the complaint is based upon a claim that a so-called "compensation order" filed by the defendant, Deputy Commissioner United States Employees' Compensation Commission, is not in accordance with law, because based upon findings of fact not supported by evidence and because contrary to specified provisions of the District of Columbia Code. By written stipulation the transcript of testimony taken before the Deputy Commissioner is treated as an exhibit to, and may be read as a part of, the complaint. The relief sought is by way of mandatory injunction to the Deputy Commissioner requiring him to take jurisdiction over plaintiff's compensation claim and to make an adjudication of such claim on its merits.

It is apparent, from the manner in which the complaint is framed, that the plaintiff seeks to have this Court make a determination, as a matter of law, that the Deputy Commissioner had jurisdiction to pass upon plaintiff's compensation claim, and that insofar as any facts are concerned, this Court shall look to the evidence adduced before the Deputy Commissioner. I find no authority to follow such procedure. The sole right of review given by the "Longshoremen's and Harbor Workers' Compensation Act", 33 U.S.C.A. § 901 et seq., is that "if not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise * * *." 33 U.S.C.A. § 921 (b). It is noted this language plainly refers only to a "compensation order", not an order made by the Deputy Commissioner with regard to his jurisdiction. If a right exists in this Court to pass upon the question of jurisdiction of the Deputy Commissioner, it is by way of a trial de novo, not by way of passing upon the legal sufficiency of the evidence before the Deputy Commissioner. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. The question of the existence of this right does not seem to be presented by the complaint as now drawn and, therefore, is not decided.

The pending motions to dismiss will be sustained.